# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION II

| | |
|---|---|
| PATRICK CUZDEY, a single individual, | No. 59352-1-II |
| Appellant, | |
| v. | |
| PATRICIA LANDES, a single individual; TERRY LANDES, a single individual; THURSTON COUNTY SHERIFF'S OFFICE, a Washington state agency; ROBERT PALECKI, a single individual; and JOHN DOES 1-2, single individuals, | UNPUBLISHED OPINION |
| Respondents. | |

MAXA, J. – Patrick Cuzdey appeals the trial court's grant of summary judgment in favor of Patricia Landes[1] and her son, Terry Landes.

Cuzdey lived in a mobile home on Patricia's[2] property for several years. A court found that Patricia had initiated a rental agreement with Cuzdey and that Cuzdey breached the rental agreement by failing to pay rent. The court ordered a writ of restitution to restore the property to Patricia. A deputy sheriff served the writ on Cuzdey along with a final notice stating that

---

[1] We have received notice that Patricia Landes had died. Because this fact does not affect the resolution of this appeal, we issue this opinion without the need to substitute her estate as a party.

[2] We will refer to Patricia and Terry by their first names because they share the same last name. No disrespect is intended.

Cuzdey had to vacate the premises by March 23, 2018. On March 22, the deputy executed the writ of restitution and evicted Cuzdey. Terry then placed a cable across Cuzdey's driveway.

Cuzdey sued Patricia and Terry and the Thurston County Sheriff's Office, alleging that he incurred damages because the writ of restitution unlawfully was executed a day early and that the defendants were liable for conversion of his personal property on Patricia's property. The trial court dismissed Cuzdey's claims against Patricia and Terry.

We hold that (1) Patricia and Terry cannot be liable for the alleged premature execution of the writ of restitution because the deputy sheriff executed the writ, not Patricia and Terry; and (2) Patricia and Terry cannot be liable for conversion of Cudzey's personal property because Patricia lawfully took possession of the personal property once the writ of restitution was executed. Accordingly, we affirm the trial court's grant of summary judgment in favor of Patricia and Terry.

## FACTS

*Background*

Cuzdey and his then wife, Patricia's daughter, began living in a mobile home on Patricia's property in 1984. Cuzdey's marriage was dissolved in 2014, but Cuzdey continued to live in the mobile home. In 2015, Patricia served Cuzdey with a notice stating that his occupancy would be considered a month-to-month tenancy with a rent of $1,500 per month.

When Cuzdey failed to pay rent, in October 2017 Patricia served him a notice to pay or vacate, which stated that he owed over $30,000 in back rent. Patricia filed an unlawful detainer action. After a hearing, the trial court ruled that the parties had an enforceable rental agreement and entered a judgment against Cuzdey for back rent. Cuzdey appealed the judgment.

2

No. 59352-1-II

*Eviction and Subsequent Proceedings*

In January 2018, a Thurston County court commissioner issued a writ of restitution to restore the property to Patricia. A subsequent writ of restitution was issued in March 2018. A deputy sheriff served the writ on Cuzdey on March 19. The final notice attaching the writ stated that the premises must be vacated by 8:00 A.M. on March 23 or Cuzdey would be forcibly evicted. The deputy returned to evict Cuzdey on March 22, and met Terry at the property. The deputy noted that the residence had been vacated, but there was personal property left behind. The deputy apparently posted an eviction notice on the door of the mobile home. Terry then placed a cable across the driveway on the property and locked the gate to the field.

Patricia did not remove any of Cuzdey's personal property, but allowed it to remain in the same place on her property as when the writ of restitution was executed.

In August 2019, this court reversed the trial court's entry of judgment against Cuzdey, holding that questions of fact existed regarding whether a rental agreement was formed and therefore whether the unlawful detainer statute applied. *Landes v. Cuzdey*, No. 51841-4-II at *9 (Wash. Ct. App. Aug. 20, 2019) (unpublished) https://www.courts.wa.gov/opinions/pdf/D2%2051841-4-II%20Unpublished%20Opinion.pdf. It appears that Cuzdey subsequently resumed living on the property.

In August 2021, a jury found that Cuzdey had entered into a contract for the use of Patricia's property, that he breached that contract, and that he owed her back rent of $97,500. Cuzdey appealed the jury verdict.

In October 2021, the trial court issued a new writ of restitution to restore the property to Patricia. A deputy sheriff posted the writ on the property on November 3, and went to the

3

property for physical eviction on November 10. The deputy noted that the premises had been vacated, but there was property left behind.

In June 2022, the trial court issued an order authorizing Patricia to remove and dispose of Cuzdey's personal property, excluding the mobile home, from her property. The court found that Cuzdey had not taken any steps to remove his personal property from the premises. The order was stayed via supersedeas bond during the pendency of Cuzdey's appeal of the August 2021 jury verdict.

In May 2023, this court affirmed the August 2021 jury verdict. *Landes v. Cuzdey*, No. 56419-0-II (Wash. Ct. App. May 16, 2023) (unpublished) https://www.courts.wa.gov/opinions/pdf/D2%2056419-0-II%20Unpublished%20Opinion.pdf.

The trial court then issued an order authorizing Patricia to dispose of the mobile home on her property. The trial court also ordered the clerk of court to pay Patricia the bond securing Cuzdey's property pending appeal. In August, Cuzdey appealed the trial court's order disbursing funds. This court dismissed the appeal.

*Cuzdey's Mason County Complaint*

In May 2021, before the August 2021 jury verdict, Cuzdey filed a complaint in Mason County against Patricia, Terry, the Thurston County Sheriff's Office, and the deputy who executed the writ of restitution. He alleged, among other things, that the 2018 writ of restitution unlawfully was executed one day early on March 22. He also alleged that Terry had placed a cable over the driveway and locked the secondary access gate to the property.

Cuzdey claimed that he had a plan to remove his personal property from the premises, but that because of the early execution of the writ of restitution he was not able to remove his property. Cuzdey further alleged that Patricia had failed to properly maintain and store the

mobile home and his personal property after the eviction. Cuzdey asserted that the defendants were liable to him for the conversion of, damage to, and loss of use of his mobile home and his personal property.

In January 2024, Patricia filed a motion for summary judgment. She noted that the trial court in Thurston County had issued the following final orders that had been affirmed on appeal: an order on Cuzdey's eviction, an order entering judgment against Cuzdey for back rent owed to Patricia, and an order allowing Patricia to remove Cuzdey's mobile home and all of Cuzdey's personal property from her property. She argued that the Thurston County trial court orders disposed of the issues raised in Cuzdey's complaint. Patricia also argued that she could not be liable on the merits for executing the writ of restitution or for conversion.

In response, Cuzdey submitted a declaration stating that on March 19 he was served with a final notice stating that he had to vacate the property by March 23. On March 22 he was arranging for the removal of certain equipment from the property. He then went to breakfast, and received a call from a neighbor who said that a deputy sheriff and Terry were on the property. The neighbor said that the Sheriff's deputy had posted something on Cuzdey's front door and that Terry had stretched a cable over Cuzdey's driveway. Cuzdey stated that the premature execution of the writ of restitution prevented him from accessing his property, which he needed to post an appeal bond and to generate income.

Cuzdey argued that the deputy sheriff and Patricia and Terry improperly executed the writ of restitution a day early. Cuzdey acknowledged that the question of whether the writ was properly *issued* already had been decided, the question of whether the writ had been improperly *administered* had not been addressed.

The trial court entered an order granting Patricia's summary judgment motion and dismissing all of Cuzdey's claims. Cuzdey filed a motion for reconsideration. The trial court denied the motion regarding his claims against Patricia and Terry, but granted the motion regarding his claims against the Thurston County Sheriff's Office.

Cuzdey appeals the trial court's summary judgment order dismissing his claims against Patricia and Terry.

## ANALYSIS

A.    SUMMARY JUDGMENT STANDARD

We review summary judgment orders de novo. *Mihaila v. Troth*, 21 Wn. App. 2d 227, 231, 505 P.3d 163 (2022). We view all evidence in the light most favorable to the nonmoving party, including reasonable inferences from the evidence. *Id*. Summary judgment is appropriate when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *Id*. A genuine issue of material fact exists if reasonable minds can come to different conclusions on a factual issue. *Id*. But summary judgment can be determined as a matter of law if the material facts are not in dispute. *Protective Admin. Servs., Inc. v. Dep't of Revenue*, 24 Wn. App. 2d 319, 325, 519 P.3d 953 (2022).

B.    PATRICIA AND TERRY'S PROCEDURAL ARGUMENTS

Patricia and Terry argue that this appeal is moot or is barred based on collateral estoppel, res judicata, law of the case, unclean hands, and equitable estoppel. These arguments are based primarily on the fact that the trial court in Thurston County entered orders in 2021, 2022, and 2023 allowing Landes to evict Cuzdey, giving Cuzdey an opportunity to remove his personal property from Patricia's property, and allowing Patricia to dispose of Cuzdey's personal property and the mobile home.

However, Cuzdey argues that the 2018 writ of restitution was improperly executed. He claims that he was deprived of his personal property from March 2018 until August 2019 when he was allowed to move back onto the property. The trial court's orders entered after that time period have nothing to do with this claim. We reject Patricia and Terry's procedural arguments.

C.    DISMISSAL OF CUZDEY'S CLAIMS

Cuzdey argues that the trial court erred when it dismissed his claims for wrongful execution of the writ of restitution and conversion against Patricia and Terry. Patricia and Terry argue that Cuzdey's claims fail on the merits. We agree with Patricia and Terry.

1.    Execution of Writ of Restitution

Cuzdey seems to argue that *Patricia and Terry* wrongfully executed the writ of restitution a day early. However, Patricia and Terry did not execute the writ of restitution; the deputy sheriff did. The fact that Terry – who was not even the property owner – may have been present does not mean that he or Patricia was responsible for executing the writ. To the extent that Cuzdey has a valid claim for premature execution, that claim is against the Thurston County Sheriff's Office and not against Patricia and Terry.

2.    Conversion

Conversion occurs when a person, without lawful justification, willfully interferes with personal property belonging to another person. *Davenport v. Wash. Educ. Ass'n*, 147 Wn. App. 704, 721, 197 P.3d 686 (2008).

Cuzdey argues that Terry is liable for conversion because he unlawfully locked Cuzdey out of Patricia's property by placing a cable across the driveway, which prevented him from accessing his personal property. But Cuzdey's own declaration indicates that Terry placed the cable after the deputy sheriff had executed the writ of restitution and posted the eviction notice

on his front door. Under RCW 59.18.312(1), upon execution of a writ of restitution, the landlord is entitled to take possession of any personal property found on the premises. Therefore, Patricia and Terry could not have converted that property because it no longer was in Cuzdey's possession – Patricia lawfully possessed it.

In addition, the posting of the eviction notice prevented Cuzdey from entering the property and retrieving his property without Patricia's permission. Therefore, placing the cable to prevent Cuzdey from going on the property was not unlawful because it merely implemented the eviction notice.

Finally, it is undisputed that after the writ of restitution was executed Patricia did not remove Cuzdey's personal property and instead left it in place. Under RCW 59.18.312(2), Cuzdey had the right to have his personal property returned to him after paying actual or reasonable storage costs. Therefore, he could have requested the return of his property the next day. But there is nothing in the record indicating that Cuzdey made any attempt to retrieve his property at any time after the writ of restitution was executed and Terry placed the cable.

We hold that the trial court did not err in granting summary judgment in favor of Patricia and Terry.

D.     ATTORNEY FEES UNDER RAP 18.9

Patricia and Terry request an award of attorney fees on appeal under RAP 18.9(a), arguing that Cuzdey's appeal is frivolous.

RAP 18.9(a) authorizes the appellate court to impose attorney fees as sanctions if a party "files a frivolous appeal." An appeal is frivolous if, considering the entire record, we determine that the appeal presents no debatable issues and is completely without merit. *Wash. Election*

*Integrity Coal. United v. Schumacher*, 28 Wn. App. 2d 176, 206, 537 P.3d 1058 (2023), *review denied*, 2 Wn.3d 1025 (2024).

We conclude that this appeal is frivolous. Accordingly, we award attorney fees to Patricia and Terry in the amount of $5,000.

## CONCLUSION

We affirm the trial court's order granting summary judgment in favor of Patricia and Terry.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
MAXA, J.

We concur:

_____
CRUSER, C.J.

_____
CHE, J.